JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Stephanie Jensen

(b) County of Residence of First Listed Plaintiff: Montgomery, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
John Neumann Hickey
20 W Front St
Media PA 19063 610 891 8883

## DEFENDANTS

Progressive Specialty Insurance Company

County of Residence of First Listed Defendant: Cuyahoga, OH
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: Diversity 28 USC 1332

Brief description of cause: Breach of Underinsured Motorist Contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 300,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* None

JUDGE ______ DOCKET NUMBER ______

DATE 11/24/26

SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: New Hanover Township Montgomery County PA

***RELATED CASE IF ANY:*** Case Number:____________ Judge:____________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*:________

***B. Diversity Jurisdiction Cases:***

☑ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):________
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☐ **does not** have implications beyond the parties before the court and ☐ **does** / ☐ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☑ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STEPHANIE JENSEN**<br>74 Grebe Road<br>Schwenksville, PA 19473,<br><br>Plaintiff,<br><br>v.<br><br>**PROGRESSIVE SPECIALTY INSURANCE COMPANY**<br>300 North Commons Boulevard<br>Mayfield Village, OH 44143,<br><br>Defendant. | CIVIL ACTION<br><br>No. ____________________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Stephanie Jensen, by and through her undersigned counsel, John Neumann Hickey, Esquire, brings this Complaint against Defendant Progressive Specialty Insurance Company and in support thereof avers as follows:

## I. THE PARTIES

1. Plaintiff Stephanie Jensen ("Plaintiff" or "Ms. Jensen") is an adult individual and a citizen of the Commonwealth of Pennsylvania, residing at 74 Grebe Road, Schwenksville, Montgomery County, Pennsylvania 19473.

2. Defendant Progressive Specialty Insurance Company ("Progressive" or "Defendant") is an insurance company incorporated under the laws of the State of Ohio, with its principal place of business and statutory home office at 300 North Commons Boulevard, Mayfield Village, Ohio 44143.

3. At all times relevant hereto, Progressive was licensed and authorized to issue policies of automobile insurance in the Commonwealth of Pennsylvania, and regularly conducted

business in this District, including through its claims office located at 5165 Campus Drive, Suite 100, Plymouth Meeting, Pennsylvania 19462.

4. At all times relevant hereto, Progressive acted by and through its duly authorized agents, servants, workers, adjusters and/or employees, who were acting within the course and scope of their agency and/or employment.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because the action is between citizens of different States and the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. Complete diversity of citizenship exists. Plaintiff is a citizen of Pennsylvania. Defendant, a corporation, is a citizen of Ohio, the State in which it is incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1).

7. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff seeks underinsured motorist benefits under a policy providing stacked underinsured motorist coverage of $100,000.00 per person on each of three insured vehicles, for total available coverage of $300,000.00, and Plaintiff's damages exceed the available coverage.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2), because Defendant is subject to personal jurisdiction in this District and therefore resides here for venue purposes, 28 U.S.C. § 1391(c)(2) and (d), and because a substantial part of the events giving rise to the claim occurred in this District: the motor vehicle collision occurred in New Hanover Township, Montgomery County, Pennsylvania, and the insurance policy at issue was issued to

Plaintiff and delivered to her residence in Montgomery County, Pennsylvania, both within this District. 28 U.S.C. § 118(a).

9. Pursuant to Local Civil Rule 53.2, Plaintiff certifies that the damages recoverable in this action exceed the sum of $150,000.00, exclusive of interest and costs, and that this action is therefore not subject to compulsory arbitration.

## III. FACTUAL ALLEGATIONS

### A. The Progressive Policy

10. Prior to April 7, 2020, Progressive issued to Plaintiff and Matthew Jensen, as named insureds, a policy of automobile insurance bearing Policy No. 925590334, for the policy period November 16, 2019 to November 16, 2020 (the "Policy"). The Policy contract is Progressive form 9611A PA (02/16), as modified by form A230 (11/16). A complete copy of the Policy is in the possession of Defendant.

11. The Policy insured three vehicles: a 2006 Dodge Ram 3500 Crew Pickup (VIN 3D7LX38C06G180325), a 2016 Chevrolet Equinox (VIN 2GNFLFE34G6135921), and a 2004 Chevrolet Cavalier (VIN 1G1JC12F847160748), each garaged at Plaintiff's residence in Schwenksville, Pennsylvania.

12. For each of the three insured vehicles, the Policy provided Underinsured Motorist – Stacked coverage with limits of $100,000.00 each person / $300,000.00 each accident, for which Plaintiff paid a separate premium on each vehicle.

13. Because Plaintiff elected and paid for stacked underinsured motorist coverage on three vehicles, the total underinsured motorist coverage available to Plaintiff under the Policy for her bodily injuries is $300,000.00.

14. Plaintiff paid all premiums due under the Policy, and the Policy was in full force and effect on April 7, 2020.

15. Plaintiff is a named insured under the Policy and, at the time of the collision described below, was operating the 2016 Chevrolet Equinox, a vehicle insured under the Policy. Plaintiff is therefore an "insured" entitled to underinsured motorist benefits under the Policy.

**B. The April 7, 2020 Collision**

16. On April 7, 2020, at approximately 9:43 a.m., Plaintiff was lawfully and carefully operating her 2016 Chevrolet Equinox westbound on Swamp Pike, at or near its intersection with Reifsnyder Road, in New Hanover Township, Montgomery County, Pennsylvania.

17. At the same time and place, Aimee Lynne Klopp ("Klopp" or the "tortfeasor"), of 447 Elm Street, Apt. A101, Pottstown, Pennsylvania 19464, was operating a 2007 Toyota Corolla southbound on Reifsnyder Road, approaching its intersection with Swamp Pike.

18. Traffic on Reifsnyder Road at its intersection with Swamp Pike is controlled by a stop sign, which was functioning properly at the time of the collision.

19. Klopp failed to stop at the stop sign, entered the intersection directly into the path of Plaintiff's vehicle, and violently struck the passenger side of Plaintiff's vehicle with such force that Plaintiff's vehicle overturned.

20. The New Hanover Township Police Department investigated the collision (Incident No. 2020-01224). The investigating officer identified Klopp's running the stop sign, failure to maintain proper speed, and improper entrance to the highway as contributing driver actions, and identified no contributing action by Plaintiff.

21. Plaintiff's front airbags deployed in the collision, and Plaintiff had to be freed from her overturned vehicle. Both vehicles were disabled and towed from the scene.

22. The collision was caused solely by the negligence and carelessness of Klopp, which consisted of:

(a) failing to stop at a stop sign, in violation of 75 Pa.C.S. § 3323(b);

(b) failing to yield the right-of-way to Plaintiff's vehicle, which was lawfully on Swamp Pike;

(c) entering an intersection when it was unsafe to do so;

(d) failing to maintain a proper lookout and to observe Plaintiff's vehicle;

(e) operating her vehicle at a speed greater than was reasonable and prudent under the conditions, in violation of 75 Pa.C.S. § 3361;

(f) failing to maintain proper control of her vehicle;

(g) failing to apply her brakes in time to avoid the collision; and

(h) otherwise failing to exercise due care under the circumstances.

23. Plaintiff did nothing to cause or contribute to the collision.

**C. Plaintiff's Injuries and Damages**

24. As a direct and proximate result of Klopp's negligence, Plaintiff sustained serious, painful, and permanent injuries, including but not limited to:

(a) C5-C6 posterior right central disc herniation, with right-sided cord flattening and central stenosis;

(b) L5-S1 central disc protrusion impinging on the bilateral S1 nerve roots;

(c) cervical disc disorder with radiculopathy, and cervical whiplash injury;

(d) lumbosacral intervertebral disc disorder with radiculopathy;

(e) cervical, thoracic, and lumbosacral sprain and strain;

(f) right sacroiliac joint dysfunction;

(g) bilateral trapezius muscle spasm;

(h) left hip sprain and strain, left thigh contusion, and right groin pain;

(i) carpal tunnel syndrome of the right and left upper extremities;

(j) cephalgia and post-concussion syndrome;

(k) anxiety disorder, insomnia, and major depressive disorder; and

(l) other injuries to her bones, muscles, nerves, ligaments, and tissues, some or all of which are or may be permanent.

25. Because of restrictions imposed by the COVID-19 pandemic, Plaintiff was evaluated at the scene but was unable to obtain hospital treatment immediately after the collision, and she first treated with her family practice by telemedicine.

26. Plaintiff has since undergone more than six years of continuing medical, chiropractic, physical therapy, pain management, and mental health treatment for her collision injuries.

27. Plaintiff's treatment has included, among other things, physical therapy, chiropractic manipulation, medication, carpal tunnel injections, bilateral lumbar selective epidural steroid injections, cervical trigger point injections, cervical and lumbar facet injections (including bilateral lumbar facet injections), stem cell therapy, and counseling and therapy sessions.

28. Prior to the collision, Plaintiff did not suffer from, or treat for, any of the above symptoms or conditions.

29. Plaintiff's injuries constitute a "serious injury" within the meaning of 75 Pa.C.S. § 1702, in that they have resulted in a serious impairment of body function. Accordingly, to the extent the limited tort option applies, Plaintiff is entitled to recover noneconomic damages. 75 Pa.C.S. § 1705(d).

30. As a direct and proximate result of the collision, Plaintiff has suffered and will continue to suffer the following damages:

(a) great physical pain, suffering, inconvenience, and mental anguish, past and future;

(b) loss of life's pleasures and an inability to engage in her usual activities at home and at work, past and future;

(c) embarrassment and humiliation;

(d) medical expenses in excess of the $5,000.00 in first party medical benefits available under the Policy, which have been exhausted;

(e) future medical expenses;

(f) lost wages;

(g) a permanent loss and impairment of her earning capacity.

## D. The Underinsured Tortfeasor and Plaintiff's UIM Claim

31. At the time of the collision, Klopp was insured under an automobile liability policy issued by Allstate Insurance Company, Policy No. 801303239, with bodily injury liability limits of $15,000.00 per person.

32. Plaintiff's damages arising from the collision far exceed the $15,000.00 in bodily injury liability coverage available to Klopp. Klopp's vehicle was therefore an "underinsured motor vehicle" as defined by 75 Pa.C.S. § 1702 and the Policy.

33. Plaintiff timely notified Progressive of the collision and of her claim for underinsured motorist ("UIM") benefits under the Policy, which Progressive assigned Claim No. 20-1411295.

34. By letter dated September 23, 2021, Progressive confirmed that it would waive its subrogation rights against Althea Headly-Marshall and Aimee Klopp, consented to Plaintiff's

settlement of the underlying third-party claim with Allstate Insurance Company and execution of a general release, and requested a settlement package so that it could evaluate Plaintiff's UIM claim.

35. With Progressive's consent, Plaintiff thereafter settled her claim against Klopp for the full $15,000.00 per-person bodily injury liability limit of the Allstate policy.

36. By letter dated August 22, 2024, Plaintiff, through counsel, submitted a UIM settlement package to Progressive, to the attention of its claims representative, Jane Kennedy. The package included Plaintiff's medical records, outstanding medical bills, documentation of her wage loss and lost earning capacity, photographs, and her first party benefits ledger showing that her medical benefits had been exhausted, and demanded the $300,000.00 stacked UIM limits of the Policy.

37. To date, Progressive has not made any offer on Plaintiff's UIM claim and has not paid Plaintiff any UIM benefits.

38. Plaintiff has performed all conditions precedent to recovery under the Policy, including giving notice of her claim, obtaining Progressive's consent before settling with the tortfeasor, cooperating with Progressive, and providing documentation of her injuries and damages.

**COUNT I**
**BREACH OF CONTRACT — UNDERINSURED MOTORIST BENEFITS**
**Stephanie Jensen v. Progressive Specialty Insurance Company**

39. Plaintiff incorporates by reference paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40. The Policy is a valid and enforceable contract between Plaintiff and Progressive.

41. Under the Policy and the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 et seq., including §§ 1731 and 1738, Progressive agreed to pay the damages that an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by the insured and caused by an accident arising out of the ownership, maintenance, or use of the underinsured motor vehicle, up to the stacked limits of $300,000.00.

42. Plaintiff is legally entitled to recover from Klopp, the owner and operator of an underinsured motor vehicle, damages for her bodily injuries in an amount that exceeds the $15,000.00 limit of Klopp's liability coverage.

43. Progressive is contractually obligated to pay Plaintiff UIM benefits in the amount of her damages in excess of $15,000.00, up to the $300,000.00 stacked UIM limits of the Policy.

44. Progressive has breached the Policy by failing and refusing to pay Plaintiff the UIM benefits to which she is entitled, despite having received proof of her claim and a demand for payment more than two years ago.

45. As a direct and proximate result of Progressive's breach of contract, Plaintiff has been deprived of the UIM benefits owed to her under the Policy and has sustained the damages set forth above.

WHEREFORE, Plaintiff Stephanie Jensen respectfully requests that this Court enter judgment in her favor and against Defendant Progressive Specialty Insurance Company for underinsured motorist benefits in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), up to the applicable stacked underinsured motorist limits of Three Hundred Thousand Dollars ($300,000.00), together with pre-judgment and post-judgment interest, costs of suit, and such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**LAW OFFICE OF JOHN A. NOVELLO**

By: ______________________
John Neumann Hickey, Esquire
Pa. Attorney I D. No. 61896
20 West Front Street
Media, Pennsylvania 19063
Tel.: (610) 891-8883
Email: jnh@hickeylaw.com
Attorney for Plaintiff, Stephanie Jensen

Dated: 11/24/26